

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00455-CR
No. 02-24-00456-CR

———————————————

BRANDON MICHAEL WRIGHT, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court Nos. DC30-CR2024-0752-1, DC30-CR2024-0752-2

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Brandon Michael Wright appeals two convictions, one for intoxication manslaughter with a vehicle, a second-degree felony, in trial court cause number DC30-CR2024-0752-1,[1] *see* Tex. Penal Code Ann. § 49.08, and the other for aggravated assault with serious bodily injury, also a second-degree felony, in trial court cause number DC30-CR2024-0752-2,[2] *see id.* § 22.02(a)(1).[3] Wright pled guilty to both offenses and true to the enhancement paragraph, which changed his punishment range for both offenses to that of first-degree felonies, that is, confinement for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. *See id.* §§ 12.32, 12.42(b). After hearing two days of testimony from nine State's witnesses and eleven defense witnesses, a jury assessed Wright's punishment at 75 years' confinement for the enhanced intoxication manslaughter offense, and 25 years' confinement for the enhanced aggravated assault offense. The trial court sentenced Wright in accordance with the jury's verdicts. We affirm.

Wright's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion, in which he asserts that, in his professional

---

[1]Appellate cause number 02-24-00455-CR.

[2]Appellate cause number 02-24-00456-CR.

[3]While intoxicated, Wright drove his vehicle down a roadway in the wrong direction and struck an on-coming vehicle, killing the driver and seriously injuring the passenger.

opinion, the appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by professionally evaluating the appellate record and demonstrating why no arguable grounds for relief exist. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991). Counsel also complied with *Kelly v. State*'s requirements. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).[4]

This court gave Wright the opportunity to file a pro se response to the *Anders* brief, but he did not do so. The State did not file a brief but noted in a letter that it agreed with counsel that Wright's appeals were frivolous and without merit.

After an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the

---

[4]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a pro se response and of his right to review the record preparatory to filing that response, and (3) inform him of his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319 (footnote omitted). Counsel indicated that he had provided Wright with our mailing address. *Id.* at 320.

3

appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant the motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate records and agree with counsel that the appeals are wholly frivolous and without merit; we find nothing in the appellate records that arguably might support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments in trial court cause numbers DC30-CR2024-0752-1 and DC30-CR2024-0752-2.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 24, 2025